### STATE OF CONNECTICUT *v.* JOSEPH MAHFOOD

REVIEW DIVISION OF THE SUPERIOR COURT

Decided July 31, 1963

*Joseph Mahfood,* the defendant, pro se.

*Allyn L. Brown, Jr.,* state's attorney, for the state.

By THE DIVISION. The defendant, age forty-one, was found guilty on three counts of breaking and entering and two counts of larceny and was given an effective sentence of not less than four nor more than nine years in state prison. The maximum penalty for breaking and entering with criminal intent is imprisonment for not more than four years. General Statutes § 53-76. The maximum penalty for larceny of goods exceeding the value of $2000 is a fine not exceeding $1000 or imprisonment for not more than twenty years or both. General Statutes § 53-63.

On July 9, 1963, the defendant, with another, broke into Skipper's Dock, located in Noank. After removing a safe with great difficulty, they transported it to Norwich, where they were met by another accomplice. The safe could not be opened at that time but was later opened and the defendant received $500 as his share. The safe itself was worth $750 and contained some $2200 in cash. On September 21, 1962, the defendant forcibly entered the premises of Weil's Volkswagen Garage in Groton. He succeeded in getting the safe outside, whereupon he discovered that it was open and contained no money. On September 23, 1962, the defendant broke into Gulino's bakery, in Stonington, and removed the safe to the loading platform. He and an accomplice removed the safe to Rhode Island. There the contents of $1088.44 were removed and the safe, valued at $300, was buried. As a result of the last break, investigation revealed that he was involved in three other breaks in Westerly, Rhode Island, where, upon his plea of guilty, he received a suspended sentence with order to make restitution.

It appears that the defendant has a remarkable service record and was the recipient of a distinguished flying cross. His employment record was

steady and he appears to have been a good wage earner until 1954 when, because of an industrial accident, he sustained serious injuries which included fracture of the skull, broken pelvis and broken arms. This accident left him on crutches for three years. He received $49,000 net recovery. This amount was spent in the stock market, gambling and on women.

It was the opinion of a neurologist that the industrial accident was the competent producing cause of personality and character changes which manifested themselves thereafter. At first blush the natural sympathy that one has for a person who has suffered a severe injury and who has led a respectable life prior thereto makes one want to forgive any infraction of the law by such a person. On further reflection, however, it is plain that this defendant deliberately entered into a plan of action of safe-breaking involving large sums of money. Whether or not the defendant felt obligated to steal in order to repay money borrowed for gambling debts, as is theorized by the probation officer, is not known. In any event, the defendant did not cooperate with the state when questioned about his accomplices, who are known notorious criminals in the New London area.

Considering all of the factors as well as the nature of the offenses, the sentence imposed was fair and just and must stand.

MacDonald, Bogdanski and Loiselle, Js., participated in this decision.